IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THE SUMMER'S END GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:19-cv-0059 |
| | ) |
| JIM PHILLIPS a/k/a JAMES PHILLIPS, | ) |
| GENOVEVA RODRIGUEZ, and JAMES | ) |
| PEYTON PHILLIPS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**BEFORE THE COURT** are the parties' respective motions for summary judgment. See ECF Nos. 86 and 89. Because the Court concludes that there are genuine issues of material fact that precludes summary judgment, the Court will deny the motions.

Plaintiff, The Summer's End Group, LLC ("SEG"), commenced this action alleging anticipatory breach of contract, breach of contract and breach of duty of good faith and fair dealing against Defendant Jim Phillips ("J. Phillips") and Defendant Genoveva Rodriquez ("Rodriguez") and tortious interference with contractual relations against Defendant James Peyton Phillips ("J. P. Phillips"). Plaintiffs also seek declaratory relief against J. Phillips and Rodriguez under the terms of the Contract for Sale ("Contract"). (ECF No. 1.) In turn, Defendants filed a counterclaim alleging declaratory relief under the Contract and subsequent amendments, an action to quiet title, as well as a claim for slander of title. (ECF No. 8.)

SEG alleges it entered into various lease and purchase agreements with property owners J. Phillips and Rodriguez for the purpose of building a marina in Coral Bay, St. John. (*Id.* ¶¶ 8-9.) It is undisputed that on December 2, 2013, J. Phillips and Rodriguez entered into a Contract for Sale of property with SEG's predecessor in interest, which set a closing date of December 1, 2014, or thirty days "more or less after written notice received by both Buyer and Seller, and the Seller's Attorney, of the issuance of a major land and water permit for the development of the property as a marina per Buyer's design and specifications, from the VI

*The Summer's End Group, LLC v. Phillips et al.*
Case No. 3:19-cv-0059
Order
Page **2** of **3**

Coastal Zone Management (CZM) and the U.S. Army Corps of Engineers (COE), and closing on complete project financing, whichever occurs sooner." (*Id.* ¶ 16.) The Contract also provided that "Seller agrees to execute all further documents, in addition to a modified Limited Power of Attorney, as may be reasonably needed or requested by Buyer of by the Virgin Islands Department of Planning and Natural Resources, Virgin Islands Coastal Zone Management, or United States Army Corps of Engineers." (*Id.* ¶17.) Thereafter, the Contract for Sale was amended twice, on July 28, 2014, and June 27, 2016. (*Id.* ¶¶ 19, 23.)

SEG alleges that in June 2017, J. P. Phillips, the son of J. Phillips and Rodriguez, sent an email to Chaliese Summers, in which he "falsely suggested that the Contract for Sale (and the amendments thereto) would expire on July 26, 2017, unless SEG agreed to some additional terms." (*Id.* ¶ 27.) On May 13, 2019, J. P. Phillips sent a letter to a member of the Virgin Islands Legislature claiming that he is a legally authorized representative for the owners of the property and that "Chaliese Summers for SEG had submitted a false affidavit for the CZM permit" and informing that "we have revoked any and all authority from [SEG] for permitting and development activity on our parcel." (*Id.* ¶¶ 31-33.) SEG alleges that the content of that letter was false since the Contract for Sale and the amendments "vested equitable title with SEG." (*Id.* ¶ 35.) Both parties move for summary judgment on their respective claims.

A party may move for summary judgment at any time until thirty days after the close of all discovery, and the court shall grant the same if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Upon careful review of the parties' motion papers, including their respective statements of undisputed material facts (ECF Nos. 88, 91), responses to such statements and additional statements (ECF No. 97, 99) and replies (ECF Nos. 101, 104), the Court finds that genuine disputes of material facts exist respecting the parties' obligations under the agreements at issue preventing summary judgment.[1] Accordingly, it is hereby

---

[1] For example, disputed issues of material facts exist concerning the contractual terms, including whether the Contract for Sale and its amendments, as well as the Limited Power of Attorney had expired or could be revoked, and whether the Contract for Sale and its amendments vested equitable title with SEG. Moreover, it is unclear whether there was a meeting of the minds between the parties' use of the term "appeal" and whether that term should be construed in layman's terms of given a technical legal definition distinct from a "writ of

**ORDERED** that Defendants' motion for summary judgment, ECF No. 86, and Plaintiff's motion for summary judgment, ECF No. 89, are **DENIED**; and it is further

**ORDERED** that a telephonic pretrial status conference shall be held on **September 6, 2023, at 2:30 p.m.** Call-in information will be provided to the parties by the Court. The public and any individual not actively participating in this conference may access the audio of the proceeding in this matter by calling 1-888-251-2909 and entering access code 5157509#.

**Date:** August 22, 2023

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**

---

review." *See Baumann v. Public Employees Relations Board*, 68 V.I. 304, 305 (Super. Ct. Mar. 16, 2018) (explaining the difference between "appeal" and "writ of review" under Virgin Islands law).